**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and ) <br> LABORERS' WELFARE FUND OF THE ) <br> HEALTH AND WELFARE DEPARTMENT ) <br> OF THE CONSTRUCTION AND GENERAL ) <br> LABORERS' DISTRICT COUNCIL OF ) <br> CHICAGO AND VICINITY, and JAMES S. ) <br> JORGENSEN, Administrator of the Funds, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> CONCRETE ETC., INC., ) <br>   ) <br> Defendant. ) | Honorable John Z. Lee <br><br> Case No. 16 C 8350 |

**MOTION FOR DAMAGES**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen (collectively the "Funds"), pursuant to Rule 55 of the Federal Rules of Civil Procedure, by their attorneys, move for Judgment of Damages in Sum Certain against Defendant Concrete, Etc., Inc. (hereinafter the "Company"). In support of this Motion, Plaintiffs, by their attorneys state:

1. On August 25, 2016, Plaintiffs filed a complaint under Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331 alleging that at all material times the Defendant has an obligation, arising from a collective bargaining agreement to make contributions to Plaintiffs' funds, to submit to an audit upon demand

1

and to obtain and maintain a surety bond. In this Complaint, Plaintiffs specifically alleged that Defendant failed to report and pay contributions from April 1, 2012 to the present. Plaintiffs requested relief included producing books and records for an audit upon Plaintiffs' request.

2. The Company's Registered Agent and President, Karen Coen, was served with the summons and complaint via certified mail through the Illinois Secretary of State on September 19, 2016; the Company failed to answer; and the Court entered a default judgment against the Company on February 23, 2017. See attached Exhibit A, and Docket Numbers 7 and 14.

3. On September 30, 2016, the undersigned counsel contacted the Company's President and Registered Agent, Karen Coan, by telephone. Ms. Coan agreed to cooperate with the Funds' scheduling of a compliance audit for the period of April 1, 2012 through September 30, 2016.

4. As established by the Laborers' Field Representative, Rocco Marcello, the independent auditing firm of Calibre CPA Group, PLLC ("Calibre"), was selected to perform a review of the Company's books and records for the period between April 1, 2012 through September 30, 2016 for the Funds. (See attached, Exhibit C, Marcello Affidavit at ¶4).

5. On January 12, 2017, Calibre issued an audit report with findings. Calibre's audit report, shows that the Company owes $10,299.51 in contributions, which includes $420.76 in unpaid union dues. (See Exhibit B, Audit Report).

6. According to the Collective Bargaining Agreement and the Trust Agreements to which the defendant is bound, payment is also owed for liquidated damages in the amount of twenty (20) percent of the unpaid or late contributions to the Welfare, Pension, and Training funds, and ten (10) percent of the principal amount of delinquent contributions to the LDCLMCC, CAICA and LECET funds, and for Union dues. As such, liquidated damages are owed in the amount of

$1,952.96 to the Welfare, Pension and Training funds, liquidated damages are owed in the amount of $53.47 to LDCLMCC, CAICA and LECET funds and Union Dues Fund. Also, accumulated liquidated damages in the amount of $214.11 are owed for the Company's prior delinquent reports, and interest is calculated at twelve (12) percent and is owed for all delinquencies excluding union dues. Thus, the amount of $1,917.45 is owed to date in accumulated interest according to the Funds' Summary Spreadsheet Report. (See Exhibit D, Funds' Summary Spreadsheet Report; Exhibit C, Marcellos Affidavit at ¶5).

7. The Defendant is also obligated to pay $1,095.52 for the cost of the audit based on the respective Trust Agreements to which it is bound. (See Exhibit B, Audit Report; Exhibit C, Marcello Affidavit at ¶4; Exhibit D, Funds' Summary Spreadsheet Report).

8. Additionally, Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees incurred in this matter are $5,221.50 and $475.00 in costs, which consists of service of process and filing fees. (See Exhibit E, Schumann Affidavit, and Exhibit E1, Attorney fee report).

9. On January 17, 2017, the undersigned counsel sent via regular mail and email a demand letter with a copy of the audit to Ms. Coen. The letter explicitly required that the Company raise any challenges to the audit report with any supporting evidence by January 27, 2017 (See Docket No. 12, Exhibit A, Counsel's Letter).

10. On February 2, 2017, the undersigned contacted Ms. Coen by telephone and informed her that Plaintiffs would be moving the Court for an entry of default against the Company and would shortly thereafter move for damages. Ms. Coen confirmed the Company is no longer operating and will not defend the lawsuit.

**WHEREFORE,** Plaintiffs request that the Court enter a judgment order for damages in the total amount of $21,229.52 to be entered against the Defendant, Concrete Etc., Inc., and in favor of the Funds. Plaintiffs further request that this Court order Defendant, should it resume operations, to comply with its obligations to report hours of covered employees on a monthly basis and pay current contributions as they become due as required under the collective bargaining agreements, and to provide written proof that it has obtained a surety bond to Plaintiffs' counsel, Sara S. Schumann.

Respectfully submitted,

  /s/ Sara S. Schumann  
*One of Plaintiffs' attorneys*

Karen I. Engelhardt  
Sara S. Schumann  
ALLISON, SLUTSKY & KENNEDY, P.C.,  
230 W. Monroe Street, Suite 2600  
Chicago, IL 60606  
(312) 364-9400  

February 28, 2017